**Silvia Judith Ochoa LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71120.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

John E. Ricci, Esq., Law Office of Ricci & Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Silvia Judith Ochoa Lopez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms the IJ's decision without opinion, the IJ's decision becomes the BIA's decision. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir. 2004). We review for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The IJ's denial of asylum is supported by substantial evidence because Lopez's claim is based on the mere possibility that guerrillas would target her upon return to Guatemala, well over a decade after she initially fled the country, despite the fact they never harmed Lopez in the past, nor demonstrated any interest in her on account of a protected ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir. 2003) (declining to credit a speculative future persecution claim); *Gu,* 454 F.3d at 1020–21 (holding that past harm did not rise to level of past persecution).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.